# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| CLB DEVELOPMENT PATNERS LTD., a Delaware Limited Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG G. BRYANT,<br><br>Defendant. | CV 15-08-BU-BMM<br><br><br><br>ORDER |

## I. PROCEDURAL BACKGROUND

Plaintiff CLB Development Partners, LTD., ("CLB") filed a Complaint against Defendant Stephan Barrett ("Barrett"), Defendant Craig Bryant ("Bryant"), and Defendant Michael Rowe ("Rowe"). Rowe did not defend the action. The Court entered default judgment against Rowe. CLB moved for summary judgment against Barrett and Bryant. (Doc. 14.) The Court denied the motion. (Doc. 45.)

CLB now has filed a second motion for summary judgment against Bryant and Barrett. (Doc. 50.) CLB and Barrett settled the claim. The Court granted CLB's motion to dismiss Barrett as a defendant in the case. (Doc. 59.) Bryant

1

opposes CLB's second summary judgment motion (Doc. 60.) He filed a Statement of Disputed Facts along with his response. (Doc. 61.)

CLB filed a 14-page reply brief on August 5, 2016. (Doc. 64.) CLB filed another 14-page brief on the same date that listed a number of objections to the evidence offered by Bryant in his Response (Doc. 60) and his Statement of Disputed Facts (Doc. 61). (Doc. 65.) CLB alleges that "much" of the evidence Bryant submitted in each document "consists of testimony constituting inadmissible parol evidence." (Doc. 65 at 2.) Bryant moved to strike the objection (Doc. 66) and filed his own objection to Plaintiff's objections (Doc. 68). CLB responded to Bryant's motion to strike. (Docs. 70; 71.) CLB also filed a Conditional Motion for Leave to File Objections to SJ Evidence. (Doc. 72.) Bryant opposed the motion (Doc. 73.)

The Court held a motion hearing on Plaintiff's Second Motion for Summary Judgment on September 22, 2016. (Doc. 74.) The Court referred the case to United States Magistrate Judge John Johnston to conduct a settlement conference. (Doc. 75.) Judge Johnston held a settlement conference on October 28, 2016. (Doc. 77.) The settlement conference proved unsuccessful.

## II. FACTUAL BACKGROUND

CLB, Defendant Craig Bryant, Michael Rowe, and Stephen Barrett participated in a real estate development project in Bozeman. (Doc. 15 at 7.) CLB

2

alleges that it loaned Bryant, Barrett, and Rowe nearly $4,000,000 in 2006. *Id.* CLB alleges that Bryant, Barrett, and Rowe received the $4,000,000 in the form of 333 shares of stock each in Bozeman Corp. (Doc. 15 at 10.) CLB alleges that Bryant, Barrett, and Rowe have paid back approximately $1,000,000 of the loan to CLB. (Doc. 15 at 7.) CLB has sued to recover the remaining principal and interest. *Id.* Bryant's alleged share of the debt is evidenced by a promissory note executed by Bryant in favor of CLB. (Doc. 19-4 at 16-20.) A security agreement pledges as collateral 333 shares of stock in Bozeman Corp. owned by Bryant. (Doc. 19-3.)

Bryant contends that CLB failed to loan him the money that it now seeks to recover. (Doc. 27 at 6.) Bryant has asserted the defense of failure of consideration. (Doc. 11 at 10.) Bryant concedes that CLB worked with him, and Barrett and Rowe, to provide capital to complete a real estate development project, to structure organizations owned by CLB and Bryant, Barrett, and Rowe, and to avoid or postpone tax liability related to the real estate development project.

Bryant asserts that CLB explained that he needed to sign the promissory note to take advantage of a restructuring opportunity that would provide tax benefits. Bryant alleges, however, that CLB's representatives assured him that the loan would be a nonrecourse note in the nature of "window dressing." (Doc. 27 at 7.)

3

## III. DISCUSSION

A court should grant summary judgment where the movant demonstrates that no genuine dispute exists "as to any material fact" and the movant should be "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court will grant summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). Only disputes over facts that might affect the outcome of the lawsuit will preclude entry of summary judgment. The Court will not consider factual disputes irrelevant or unnecessary to the outcome. *Anderson*, 477 U.S. at 247-48. "When determining whether a genuine issue of material fact remains for trial, we must view the evidence and all inferences therefrom in the light most favorable to the non-moving party and may not weigh the evidence or make credibility determinations." *Hauk v. JP Morgan Chase Bank USA,* 552 F.3d 1114, 1117-18 (9th Cir. 2009) (citing *Anderson*, 477 U.S. at 255).

The Court already has ruled once on a CLB motion for summary judgment. The flurry of filings of bank statements, tax records, and communications between the parties, and another motion hearing conducted by the Court, reveals that not all that much has changed from the first motion to this second motion. The parties have certainly done much to develop the evidentiary record, but have done little to

definitively resolve the central factual dispute of this case—whether CLB actually provided consideration under the contract.

CLB has provided bank statements for CLB Development Partners, Ltd., BBR Bozeman Corporation, and Black Bull Run, LLC. CLB uses these records to attempt to trace the flow of $4,000,000 from its bank account into a BBR Corp. account, then into a BBR, LLC account, then $1,200,000 into Winchester's account. (Doc. 51 at 7-8). CLB argues that these records "unquestionably show that it actually loaned the funds it now seeks to recover." (Doc. 64 at 5.)

Bryant argues that this money simply goes in a circle and the information provided to the Court represents "another illusion to make it appear CLB parted with funds when, in fact, it did not." (Doc. 60 at 16.) Bryant argues that he, Barrett, and Rowe repaid the money transferred into Winchester's account to CLB within three days. *Id.* Bryant states that upon receiving $334,000 from Winchester in his personal account, he wrote a check in that amount back to CLB, which was processed within three days. (Affidavit of Craig G. Bryant, Doc. 28 at 14.) Barrett states that he had given prior instruction to his bank to transfer the $334,000 by wire to CLB once the funds had been deposited from Winchester. (Affidavit of Stephen M. Barrett, Doc. 31-1 at 12-13.) Bryant points to the fact that at all times, before, during, and after CLB's machinations, Winchester owned 40% of the project. *See Id.* at 25.

CLB has filed a number of objections to arguments and evidence presented by Bryant in his response brief and exhibits. (Doc. 65.) Many of the objections relate to allegedly improper parol evidence. CLB argues that the parol evidence rule should bar extrinsic evidence about Bryant's understanding that the promissory note represented a nonrecourse note in the nature of "window dressing." The Court determined in its order on CLB's first summary judgment motion, that under both Montana and Texas law, parol evidence may be used to show a want or failure of consideration. *Kinjerski v. Lamey*, 604 P.2d 782, 785 (Mont. 1979); *Audobon Indem. Co. v. Custom Site-Prep, Inc.*, 358 S.W.3d 309, 316 (Tex App.—Hous. [1st Dist.] 2011).

Other objections raised by CLB speak to the weight of the evidence. The Court may not weigh the evidence or make credibility determinations at the summary judgment stage. *Hauk,* 552 F.3d at 1117–18. The contrast between CLB's evidence that Bryant allegedly has repeatedly acknowledged a debt under the note, and Bryant's allegations that CLB's agents told him that the note represented "window dressing," creates a genuine issue of material fact. Resolution of this dispute falls within the province of a jury. A jury should decide the credibility of each side's positions on the central issue of whether CLB actually provided consideration under the contract and other issues of material fact as discussed in this Court's previous order. (Doc. 45.)

## IV. CONCLUSION & ORDER

Genuine issues of material fact remain in this case. Accordingly, **IT IS ORDERED:**

1. The Court **DENIES** CLB's Second Motion for Summary Judgment against Bryant. (Doc. 50.)

2. The Court **DENIES** as moot Bryant's Motion to Strike Plaintiff's Objections to Summary Judgment Evidence Offered by Defendant. (Doc. 66.)

3. The Court **DENIES** as moot CLB's Motion for Leave to File Objections to Summary Judgment Evidence Offered by Craig G. Bryant. (Doc. 72.)

DATED this 16th day of February, 2017.

_____
Brian Morris
United States District Court Judge